# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHUONG VAN TRAN, et al. | : | CIVIL ACTION |
| v. | : | |
| SN SERVICING CORPORATION, et al. | : | No. 16-CV-5048 |

## MEMORANDUM OPINION

Ditter, J.                                                                   April 26, 2017

      Plaintiffs, Chuong Van Tran and Tuyet Hong Nguyen have filed an intended class action asserting violations of the Fair Debt Collections Practices Act ("FDCPA"), 16 U.S.C. § 1692 *et seq*. According to the complaint, defendant MV051, LLC, holds a second mortgage on their residence, and that mortgage is serviced by defendant, SN Servicing Corporation. Plaintiffs complain the defendants violated the FDCPA by sending certain written notices of their intent to initiate foreclosure proceedings when MV051 never intended to foreclose because it is a junior lienholder.

      Defendants filed an answer denying these claims and a counterclaim seeking foreclosure of the plaintiffs' residence. The counterclaim alleges the principal balance owed is in excess of $75,000, and seeks judgment in the amount of $80,939.84, including interest, late charges and fees, plus ongoing fees and costs.

      Plaintiffs have filed a motion to dismiss the counterclaim and contend defendant's have "retaliated" against them for filing this complaint by asserting this "state law

counterclaim." *Plts. Mem.* 3. They argue further that this counterclaim would "muddy the discovery process," is an attempt to "circumnavigate the well-established procedural process regarding foreclosures in the Commonwealth," and would have a "'chilling effect" on Plaintiffs' straight-forward claim that MV051 and its servicer violated federal law regarding debt collection." *Id.* Finally, Plaintiffs contend the counterclaim fails to demonstrate that this court has federal jurisdiction over the foreclosure claim.

Plaintiffs' jurisdictional arguments focus on whether the defendants have asserted a permissive or compulsory counterclaim and they argue that this forfeiture action is a permissive counterclaim that should not be allowed. However, defendants do not seek to join this claim as either a permissive or compulsory counterclaim, rather they assert diversity of citizenship as an independent basis for jurisdiction pursuant to 28 U.S.C. §1332 ("district courts shall have original jurisdiction of all civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000").

Plaintiffs do not dispute that there is diversity of citizenship and the defendants have asserted damages in excess of $75,000. Although Plaintiffs' argue that the claimed amount of $75,299.56 is only "nominally" above the jurisdictional requirement, that is good enough. Dismissal of case for failure to meet the amount in controversy requirement is proper only if the court is certain that the jurisdictional amount cannot be met. *Columbia Gas Trans. Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). That is not the case here.

In the alternative, Plaintiffs' ask that I abstain from exercising jurisdiction over the foreclosure action under the *Burford* abstention doctrine. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (provided that a federal court may abstain from exercising jurisdiction under certain limited circumstances). What Plaintiffs fail to acknowledge is that abstention is only permitted in extraordinary circumstances:

> [A]bstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it, and may be used only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest, and not merely because a State court could entertain it.

*National City Mortgage Co. v. Stephen*, 646 F.3d 78, 82-83 (citations and quotations omitted). No such circumstances have been suggested and, in fact, mortgage foreclosure proceedings are common in this court.

Finally, I see no reason to sever the counterclaim. Keeping in mind my duty to exercise diversity jurisdiction in all but the most unusual case, I find no evidence of an improper motive in the filing of this counterclaim, nor do I find that the discovery process would be adversely impacted as the defendants' handling of the mortgage is at the heart of Plaintiffs' claims.

Under these circumstances, I find defendants have established proper jurisdiction in the court and I will permit them to proceed with their counterclaim. An appropriate order follows.

3