# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHUONG VAN TRAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SN SERVICING CORPORATION | : | No. 16-CV-5048 |

## MEMORANDUM OPINION

Ditter, J.                                                                                                      March 2, 2018

      Plaintiffs, Chuong Van Tran and Tuyet Hong Nguyen, have filed an amended complaint seeking class certification for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 16 U.S.C. § 1692 *et seq*.[1] According to the amended complaint, SN Servicing Corporation (SNS) is alleged to have violated the FDCPA by sending certain written notices of its intent to initiate foreclosure proceedings when MV051 never intended to foreclose because it is a junior lienholder. Plaintiffs have added an additional count asserting a separate violation of the FDCPA by directly communicating with them knowing they were represented by counsel.

      SNS has filed this motion seeking dismissal of Plaintiffs' claims. For the reasons that follow, I shall refuse to do so.

---

[1] In their original complaint, the plaintiffs charged MV051, LLC, the holder of a second mortgage on their residence with the same violations. On September 20, 2017, I entered a stipulation and order dismissing the claims against MV051, but allowing it to pursue its counterclaim for foreclosure in this action.

1. Factual background

Plaintiffs purchased their home in Holland, Pennsylvania, in January 2005. They had a first mortgage on the property with GreenPoint Mortgage Funding, Inc., in the amount of $228,000. The second mortgage, and the subject of this litigation, was secured seven months later from Earthstar Bank in the amount of $100,000. Plaintiffs' acknowledge they are in default on their second mortgage and have remained in default since January 2012. They also acknowledge that they received a letter from SNS on December 16, 2015, advising them that their mortgage had been sold to MV051.

It is a mandatory prerequisite to the filing of a foreclosure action under the Pennsylvania Loan and Interest Protection Law, 41 P.S. §§ 400 *et seq.* ("Act 6"), and the Homeowner's Emergency Mortgage Act, 35 P.S. §§ 1680.401c *et seq*. ("Act 91"), that the homeowner be given adequate notice of the intent to take action by receiving what is known as an Act 91 letter. On June 27, 2016, SNS sent Plaintiffs an Act 91 letter that stated it was an official notice that the mortgage on their home was in default and the lender intended to foreclose. The letter also advised that a sheriff's sale would end their ownership of the home and their right to occupy it.

Plaintiffs claim that at the time of their receipt of the Act 91 letter, the balance on their first mortgage was in excess of $170,000. They allege this mortgage would have to be satisfied before SNS could dispossess them, and offer this fact as evidence that SNS had no intention to foreclose. Plaintiffs contend further that a July 2017 billing statement

concerning this second mortgage was a prohibited, direct communication because SNS knew they were represented by counsel. Thus, Plaintiffs assert SNS violated § 1692e of the FDCPA by sending them the Act 91 letter, and § 1692c by sending them a billing statement.[2]

2. Standard of Review

It is well-established that to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must assert facts, which accepted as true, are sufficient to state a plausible claim. I need not consider allegations that constitute legal conclusions or conclusory factual allegations devoid of any reference to actual facts.

3. Discussion

A. Claim under § 1692e

Section 1692e prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector may violate § 1692e by threatening "to take any action that cannot be legally taken or that is not intended to be taken." §1692e(5). It is also a violation for use "of any false representation or deceptive means to collect or attempt to collect any debt . . .." § 1692e(10).

Plaintiffs' contend SNS violated these sections when it sent the Act 91 letter

---

[2] In their response filed in opposition to this motion to dismiss, Plaintiffs' stated that they voluntarily withdrew any claims under § 1692f ("a debt collector may not use unfair or unconscionable means to attempt to collect any debt). To the extent such claims are asserted in the amended complaint they will be dismissed.

because SNS had no intention of foreclosing on this second mortgage. SNS denies this claim and asserts that it was directed by its client MY051, to pursue foreclosure of this second mortgage that was more than five years in default. SNS further points to the fact that is it presently pursuing foreclosure and filed its counterclaim for foreclosure only four months after the Act 91 letter was sent to Plaintiffs.

Plaintiffs respond that the foreclosure action is not dispositive on this issue. One, because the violation is the notice, and two, because the foreclosure was not pursued until one month after the filing of this action and in response to the claim that SNS had no intention to file for foreclosure. The Plaintiffs contend the foreclosure action was filed in retaliation for the filing of this lawsuit.

According to the complaint, this is a second mortgage, the first mortgage amount was significant, SNS has never before sought to foreclose on a non-primary mortgage or any mortgage in Bucks County, Pennsylvania. While there was nothing preventing SNS from making a determination that foreclosure was appropriate in this case; Plaintiffs have offered facts sufficient to support a claim that the Act 91 letter may have violated § 1692e. It is at least feasible, that SNS did not really intend to foreclose on this property at the time the notice was sent to the Plaintiffs.

B.  Claim under § 1692c

Under § 1692c(a)(2), a debt collector is prohibited from directly communicating with a consumer "in connection with the collection of any debt . . . if the debt collector

4

knows that the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2). Plaintiffs claim the July 2017 billing statement violates this prohibition.

SNS responds that the FDCPA does not apply to every communication between the debtor and debt collector, and such communication is not prohibited unless the animating purpose of the communication is to induce payment. SNS asserts that a plain reading of the billing statement shows that it is only meant to inform the Plaintiffs of the status of their account.

Accepting Plaintiffs' assertions, I am satisfied that this claim is also sufficient to survive a motion to dismiss. More facts need to be ascertained to determine the true purpose of this billing statement. While it may be a routine billing statement as claimed by SNS, it could also be interpreted as an effort to collect.

4. Conclusion

At this stage of the proceedings, I am bound by the allegations in the pleadings and if I find they may lead to relief, I cannot dismiss them. Accepting the Plaintiffs' assertions, I find that they have sufficiently pled their claims. Therefore, the motion to dismiss will be denied. An appropriate order follows.