# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHUONG VAN TRAN, et al.      :   CIVIL ACTION
                             :
    v.                       :
                             :
                             :
SN SERVICING CORPORATION     :   No. 16-CV-5048

## MEMORANDUM OPINION

Ditter, J.                                                April 18, 2018

In this case, the plaintiffs, Chuong Van Tran and Tuyet Hong Nguyen,[1] have filed an amended complaint seeking class certification for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 16 U.S.C. § 1692 *et seq*. Plaintiffs contend defendant SN Servicing Corporation (SNS) violated the FDCPA by sending certain written notices of its intent to initiate foreclosure proceedings when MV051, LLC never intended to foreclose because it is a junior lienholder.

In their first complaint, Plaintiffs also charged MV051, the holder of a second mortgage on their residence with the same violations. MV051 filed a counterclaim seeking foreclosure. On September 20, 2017, I entered a stipulation and order dismissing the FDCPA claims against MV051, but allowing it to pursue its counterclaim for foreclosure in this action.

---

[1] Although Mr. Tran and Mrs. Nguyen are counterclaim defendants in the foreclosure action, I will refer to them in this opinion as Plaintiffs.

Before me is a motion for summary judgment filed by MV051 seeking foreclosure of Plaintiffs' residence. For the reasons that follow, this motion shall be granted.

1. Factual background

MV051 contends it is entitled to summary judgment based on the following assertions of uncontested facts.

Plaintiffs purchased their home in Holland, Pennsylvania, in January 2005. They had a first mortgage on the property with GreenPoint Mortgage Funding, Inc., in the amount of $228,000. On September 2, 2005, Plaintiffs obtained a second mortgage (the subject of this litigation) secured by a mortgage on the Holland property. A promissory note and mortgage were recorded on November 10, 2005, in the office of the Recorder of Deeds of Bucks County, Pennsylvania. The note indicates the mortgage was in amount of $100,000, with an interest rate of 6.75%, and 180 payments were to be made in the amount or $885.07. *Ans. and Counter Cl.*, Exh. A.

This second mortgage has been reassigned several times. First, from Federal Deposit Insurance Corporation, in its capacity as receiver for Earthstar Bank to SFR Venture 2001-1, LLC; then to Mortgage Electronic Registration Systems, Inc.; and finally to MV051 on May 24, 2016. The original promissory note, mortgage, and the subsequent recorded assignments of the mortgage are attached as exhibits to the counterclaim. MV051 asserts Plaintiffs are in default, and at the time of the filing of the answer to the amended complaint and its counterclaim, Plaintiffs owed in excess of

$80,000, plus accruing interest, late fees, legal costs, and attorney's fees.

Plaintiffs acknowledge in their amended complaint that they defaulted on the second mortgage "at some point after September of 2005" and "remained in default since January of 2012." *Am. Cmpl.* ¶ 16. Mr. Tran's deposition testimony confirms that the mortgage is in default, that he hadn't made any payments since "last year," and that payment was returned to him. *Mot. For Summ. Judg.*, Exh. 1, Tran Dep. at 31-32. Mr. Tran also testified that he did not know when he had made any payments before this last one or what the balance of the mortgage was, but he agreed it was approximately $75,000. *Id.* at 32-33. Mrs. Nguyen confirmed her husband's testimony.

Plaintiffs also acknowledge that they received notice from MV051, through its loan servicer, SNS, that their loan was in default. This notice is required under Pennsylvania law before a lender can foreclose on a property and is commonly referred to as an Act 91 letter. *See* Pennsylvania Loan Interest and Protection Law, 41 P.S. §§ 400 *et seq.*, and Homeowner's Emergency Mortgage Act, 35 P.S. §§1680.401c *et seq.*

What has been contested by Plaintiffs is the amount currently owed MV051 on the mortgage and the reliability of its business records.

William A. Fogelman, the corporate designee for MV051, testified at deposition that the principal balance due on the note is $75,229.56. As of the date of his deposition, inspection fees due on the note were $146.45, and late fees were $2,493.60. He was unable to testify as to the prior lienholders' business records, only that MV051 relied on

what was reported to it as the owed at the time the note was acquired to determining the current balance due on the mortgage.

2. Standard of Review

The standard of review for a motion for summary judgment is well established. I must consider the evidence in a light most favorable to the non-moving party. If there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law, summary judgment is appropriate. An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.

3. Discussion

In foreclosure actions, federal courts apply the law of the state in which the property is located. Under Pennsylvania foreclosure law, "the plaintiff must demonstrate the existence of an obligation secured by a mortgage, and a default on the obligation." *Wells Fargo Bank, N.A. v. 2600 E. Carson St. Assocs.*, L.P., 2018 U.S. Dist. LEXIS 37080, *7 (W.D. Pa., March 7, 2018) (citations omitted). When there is a default, the holder of the mortgage can obtain a judgment where: 1) the mortgagers admit the mortgage is in default; 2) the mortgagers have failed to pay interest on the obligation; and 3) the recorded mortgage is in a specified amount. *Id.* (quoting *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998)). If these elements are met, judgment is appropriate "even if the mortgagors have not admitted the total indebtedness in their pleadings." *Id.* (citations omitted).

Here, Plaintiffs admit the first two elements are met, but contend foreclosure should be denied because MV051 has failed to establish the amount actually due. Plaintiffs argue that the testimony of Fogelman is insufficient to establish the amount due because it is based on the balances provided to MV051 by the prior loan servicer and he has no independent knowledge of how the amount was calculated. Plaintiffs contend the lack of records from the origination date of the second mortgage in 2005 through 2011 when MV051 acquired the note prohibits foreclosure because the precise amount of the debt owed cannot be accurately established.

Plaintiffs rely on *U.S. Bank v. Pautenis*, 118 A.3d 386 (Pa. Super. 2015), for their position. In *Pautenis*, the Superior Court considered whether the business records exception to hearsay applied to loan history documents. The trial court found that the witness for the current mortgage servicer could not authenticate the documents or establish their trustworthiness for a number of reasons, including: its lack of knowledge as to how the records had been created or maintained, records of payments did not date to origination of loan, the document presented was in an amount greater than the original loan amount despite homeowner's testimony that she had been making payments prior to the default, and its failure to review the accuracy of the amount due. Under those circumstances, the Superior Court affirmed the evidentiary ruling of the trial court.

However, in *Bank of N.Y. Mellon Trust Co. v. Johnson,* 2017 Pa. Super. LEXIS 2097 (May 26, 2017), the court, again considering the admissibility of a prior servicer's

5

business records found no abuse of discretion where the trial court admitted records after finding the testimony of the representative of the current mortgage holder was sufficient to authenticate the amount owed. In that case, the trial court found that the loan payment history was complete, there was no contention that the prior servicer's records did not include all payments made, and that the payment records complied with industry standards for keeping financial records on mortgage loans. *Id.* at *7.

The difference in the holdings is attributable to the standard of appellate review for the trial court's evidentiary rulings. It is well settled that "questions concerning the admissibility of evidence is within the discretion of the trial court and will not be reversed absent a clear abuse of discretion." *Id.* at *3 (quoting *Keystone Dedicated Lagistics, LLC v. JGB Enters., Inc.,* 77 A.3d 1, 11 (Pa. Super. 2013)). In each case, the court found the trial court had not abused its discretion, based on a review of the evidence presented to the court.

I have reviewed the evidence before me, keeping in mind that "[t]he sole purpose of the judgment obtained through an action of mortgage foreclosure is to affect a judicial sale of the mortgaged property. . .." *Pautenis*, 118 A. 3d at 394. Thus, "[t]he precise amount due on a mortgage is therefore essential, as a sheriff could not possibly distribute the proceeds of a foreclosure sale among the various parties in interest without knowing the exact extent of the claim of the foreclosing mortgagee." *Id.*

I find that the MV051 is entitled to entry of judgment on the mortgage foreclosure

action under Pennsylvania law. Entry of judgment is proper if the mortgagers have admitted that the mortgage is in default, they failed to pay on the obligation, and the recorded mortgage is in a specified amount. Those requirements are met even where "the mortgagers have not admitted the total amount of the indebtedness . . .." *Cunningham*, 714 A.2d at 1057. In fact, it is well settled that general denials constitute admissions in mortgage foreclosure actions. *Bank of America N.A. v. Gibson*, 103 A.3d 462, 465 (Pa. Super. 2014).

Plaintiffs' admission that they owe around $75,000 but not the $75,229.56 alleged in the counterclaim is just the sort of general denial rejected by the Pennsylvania courts. Any dispute as to the exact amount due at the time of foreclosure can be resolved at a later date.

4. Conclusion

The record of uncontested facts establishes that MV051 is entitled to an order of foreclosure. However, I will conduct an evidentiary hearing to determine the specific amount due on the note after the foreclosure has been accomplished if the parties are unable to reach an agreement. An appropriate order follows.